## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Joseph Pollak, individually and on behalf of all others similarly situated, <br><br>                                  Plaintiff, <br><br><br><br>      -v.- <br> The CBE Group, Inc., <br><br>                           Defendant. | Case. No.: 1:21-cv-6878 <br><br> **CLASS ACTION COMPLAINT** <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiff Joseph Pollak (hereinafter referred to as "Plaintiff") brings this Class Action Complaint by and through his attorneys, Stein Saks, PLLC, against Defendant The CBE Group, Inc. (hereinafter referred to as "Defendant"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

### INTRODUCTION/PRELIMINARY STATEMENT

1.     The Fair Debt Collection Practices Act ("FDCPA") was enacted in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). This was because of the concern that "abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2.     The purpose of the Act was not only to eliminate abusive debt collection practices, but also to ensure "that those debt collectors who refrain from using abusive debt collection practices

are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws were inadequate *Id.* § 1692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* § 1692k.

## JURISDICTION AND VENUE

3.      The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq.  The Court has pendent jurisdiction over any State law claims in this action pursuant to 28 U.S.C. § 1367(a).

4.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where the Plaintiff resides, as well as a where a substantial part of the events or omissions giving rise to the claim occurred.

## NATURE OF THE ACTION

5.      Plaintiff brings this class action on behalf of a class of New York consumers under § 1692 et seq. of Title 15 of the United States Code, also known as the Fair Debt Collections Practices Act ("FDCPA"), and

6.      Plaintiff is seeking damages and declaratory relief.

## PARTIES

7.      Plaintiff is a resident of the State of New York, county of Kings.

8.      Defendant is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA, with a business address of 131 Tower Park Dr. Ste. 100, Waterloo, IA 50701.

9.      Defendant is a company that uses the mail, telephone, and facsimile and regularly engages in business, the principal purpose of which is to attempt to collect debts alleged to be due itself or another.

## CLASS ALLEGATIONS

10.    Plaintiff brings this claim on behalf of the following case, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

11.    The Class consists of:

      a.    all individuals with addresses in the State of New York;

      b.    to whom Defendant sent an initial collection letter;

      c.    attempting to collect a debt on behalf of Verizon;

      d.    providing multiple addresses;

      e.    without identifying the correct address to which to send a dispute;

      f.    which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (21) days after the filing of this action.

12.    The identities of all class members are readily ascertainable from the records of Defendant and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

13.    Excluded from the Plaintiff Class is the Defendant and all officers, members, partners, managers, directors and employees of the Defendant and its respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

14.    There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, in the forms attached as Exhibit A, violate 15 U.S.C. §§ 1692e and 1692g.

15.    The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiff will fairly and adequately protect the interests of the Plaintiff

Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor his attorneys have any interests, which might cause them not to vigorously pursue this action.

16.     This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

a.  **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

b.  **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominance over any questions or issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, in the forms attached as Exhibit A violate 15 U.S.C. §§ 1692e and 1692g.

c.  **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendant's common uniform course of conduct complained of herein.

d.  **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are averse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor his counsel have

any interests which might cause them not to vigorously pursue the instant class action lawsuit.

e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

17.    Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

18.    Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

19.    Plaintiff repeats the above allegations as if set forth fully herein.

20.    Some time prior to October 30, 2021 Plaintiff allegedly incurred an obligation to Verizon, the creditor.

21.    The subject obligation arose out of alleged transactions in which money, property, insurance or services, which are the subject of the defaulted debt, were incurred solely for personal purposes, specifically personal telephone services.

22.    Therefore, Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a (3).

23.     The subject obligation is a "debt" as defined by 15 U.S.C.§ 1692a (5).

24.     Upon information and belief, Verizon contracted with Defendant for the purpose of collecting the defaulted debt.

25.     Therefore, Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a (6).

26.     Defendant collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

*Violation – October 30, 2021 Collection Letter*

27.     On or about October 30, 2021, Defendant sent Plaintiff an initial collection letter regarding the debt allegedly owed to Verizon.  (See "Letter" attached as Exhibit A.)

28.     Plaintiff maintains that he does not owe this debt.

29.     The letter ostensibly provides the notices as required by 15 U.S.C. § 1692g regarding disputing the debt.

30.     Specifically, the Letter states:

> "Unless you notify this office within thirty (30) days after
> receiving this notice that you dispute the validity of this debt
> or any portion thereof, this office with assume this debt is
> valid. If you notify this office in writing within thirty (30)
> days after receiving of this notice, that you dispute the
> validity of this debt or any portion thereof, this office will
> obtain verification of the debt or obtain a copy of a judgment
> and mail you a copy of such judgment or verification. If you
> request this office in writing within thirty (30) days after

receiving this notice, this office will provide you with the name and address of the original creditor if different from the current creditor."

31.    However, there are multiple addresses listed for Defendant on the Letter:

a.    The CBE Group, Inc. 1309 Technology Pkwy, Cedar Falls, IA 50613;

b.    The CBE Group, Inc. PO Box 2635, Waterloo, IA 50704-2635;

c.    PO Box 2635 Waterloo, IA 50704-2635;

d.    The CBE Group, Inc. Payment Processing Center, PO Box 2038, Waterloo, IA 50704-2038.

32.    The first address is listed on the top of the Letter next to a large logo with Defendant's name.

33.    The second address is included in the body of the Letter, and referred to as "mailing address." This address is also in close proximity to the g-notice provided directly above.

34.    The third address is included in the pay slip on the top left corner and referred to as "change service requested."

35.    The fourth address is associated with Defendant's logo and name and also referred to as "Payment Processing Center."

36.    None of the four addresses are specifically identified as the correct address to which to send a dispute.

37.    In the body of the letter, Defendant only states: "Unless you notify **this office** within thirty (30) days after receiving this notice that you dispute the validity of the debt…"

38.    However, Defendant does not identify which address is specifically associated with "this office".

39.     Plaintiff therefore did not know how to properly dispute the debt and exercise his rights under § 1692g.

40.     Upon information and belief, disputes sent to one or more of these addresses will not be honored by Defendant.

41.     Upon information and belief, disputes sent to one or more of these addresses will not be processed in a timely fashion, leading to substantial delay.

42.     Listing these incorrect addresses misled Plaintiff into believing a proper dispute can be sent there.

43.     Plaintiff was therefore unable to evaluate his options of how to handle this debt.

44.     Due to the multiple addresses, none of which are identified as the proper address to which to send a dispute, many consumers who would want to exercise their right to dispute the validity of the debt will not dispute the debt because it is not clear which address is correct.

45.     Providing multiple dispute-addresses effectively strips many consumers of their right to dispute the validity of the debt, provided by § 1692g.

46.     Because of this, Plaintiff expended time and money in determining the proper course of action, resulting in concrete harm to Plaintiff.

47.     Consumers have a right to receive accurate notice of their statutory rights.

48.     Providing multiple addresses without identifying which was correct to dispute the debt was deceptive, false, and misleading.

49.     These violations by Defendant were knowing, willful, negligent and/or intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violations.

50.     Defendant's collection efforts with respect to this alleged debt from Plaintiff caused Plaintiff to suffer concrete and particularized harm, inter alia, because the FDCPA provides Plaintiff

with the legally protected right not to be misled or treated unfairly with respect to any action regarding the collection of any consumer debt.

51.     Defendant's deceptive, misleading and unfair representations with respect to its collection efforts were material misrepresentations that affected and frustrated Plaintiff's ability to intelligently respond to Defendant's collection efforts because Plaintiff could not exercise his right to dispute the validity of the debt.

52.     Plaintiff was confused and misled to his detriment by the statements in the dunning letter, and relied on the contents of the letter to his detriment.

53.     Plaintiff would have pursued a different course of action were it not for Defendant's statutory violations.

54.     Congress is empowered to pass laws and is well-positioned to create laws that will better society at large.

55.     As it relates to this case, Congress identified a concrete and particularized harm with a close common-law analogue to the traditional tort of fraud.

56.     Now, consumers have a right to receive proper notice of their right to dispute the validity of a debt. When a debt collector fails to effectively inform the consumer of their right to dispute the validity of the debt, in violation of statutory law, the debt collector has harmed the consumer.

57.     As a result of Defendant's deceptive, misleading and false debt collection practices, Plaintiff has been damaged.

### **COUNT I**

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. §1692e *et seq.***

58.     Plaintiff repeats the above allegations as if set forth herein.

59.    Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

60.    Pursuant to 15 U.S.C. § 1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

61.    Defendant violated said section by deceptively and/or misleadingly providing multiple addresses and not identifying which one should be used to dispute the debt, in violation of § 1692e (10).

62.    By reason thereof, Defendant is liable to Plaintiff for judgment in that Defendant's conduct violated Section 1692e et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT II

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692g *et seq.*

63.    Plaintiff repeats the above allegations as if set forth herein.

64.    Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g.

65.    Pursuant to 15 U.S.C. § 1692g(a):

Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing –

1. The amount of the debt;

2. The name of the creditor to whom the debt is owed;

3. A statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt-collector;

4. A statement that the consumer notifies the debt collector in writing within thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

5. A statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

66. Defendant violated this section by providing multiple addresses and not identifying which one to use for disputing the debt, thereby failing to provide the proper notice required by §1692g in an initial collection letter.

67. Pursuant to 15 U.S.C. § 1692g(b):

If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name

and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this subchapter may continue during the 30-day period referred to in subsection (a) unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

68.     Defendant violated this section by providing multiple addresses and not identifying which one to use for disputing the debt, thereby overshadowing and/or creating inconsistencies with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor, in violation of § 1692g(b).

69.     By reason thereof, Defendant is liable to Plaintiff for judgment in that Defendant's conduct violated Section 1692g et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

70.     Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Joseph Pollak, individually and on behalf of all others similarly situated, demands judgment from Defendant The CBE Group, Inc., as follows:

  i.      Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Tamir Saland, Esq. as Class Counsel;

  ii.     Awarding Plaintiff and the Class statutory damages;

  iii.    Awarding Plaintiff and the Class actual damages;

  iv.    Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

  v.     Awarding pre-judgment interest and post-judgment interest; and

  vi.    Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated:  December 13, 2021                    Respectfully Submitted,

                                             **Stein Saks, PLLC**
                                             **/s/ Tamir Saland_____**
                                             Tamir Saland, Esq.
                                             One University Plaza, Ste. 620
                                             Hackensack, NJ, 07601
                                             P. (201) 282-6500 ext. 122
                                             F. (201) 282-6501
                                             Tsaland@SteinSaksLegal.com
                                             *Attorneys for Plaintiff*